IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| MICHAEL ANTHONY ENNO;<br>TASHENA ANN WHITE TAIL,<br>a/k/a TASHENA ANN ENNO;<br>JAMES PATRICK WILSON, JR.,<br>a/k/a "PEDY;" and<br>DWIGHT DAWAUNTA GRIMES. | Violations: 21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(C), and 846; and 18 U.S.C. § 2 |

COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone**

The Grand Jury Charges:

Beginning in or about 2016 and continuing until the date of this Indictment, in the District of North Dakota, and elsewhere,

MICHAEL ANTHONY ENNO;
TASHENA ANN WHITE TAIL, a/k/a TASHENA ANN ENNO;
JAMES PATRICK WILSON, JR., a/k/a "PEDY;" and
DWIGHT DAWAUNTA GRIMES

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did distribute, and possess with intent to distribute, pills containing a detectable amount of oxycodone, a Schedule II controlled substance, in Bismarck, North Dakota; Minot, North Dakota; New Town, North Dakota; and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

4. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of controlled substances;

5. It was further a part of said conspiracy that one or more conspirators traveled by airline, automobile, and other means of transportation between and within Michigan and North Dakota, and elsewhere, to obtain and distribute pills containing oxycodone, and to transport the proceeds of distribution activity;

6. It was further a part of said conspiracy that one or more conspirators utilized hotels and other residences in Bismarck, North Dakota; Minot, North Dakota; New Town, North Dakota, and elsewhere, to possess, store, conceal, and distribute pills containing oxycodone, and to possess, store, conceal, and transport proceeds of pill distribution activity; and

7. It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase pills containing oxycodone;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT TWO

**Distribution of Oxycodone**

The Grand Jury Further Charges:

Beginning in or about 2016 and continuing until the date of this Indictment, in the District of North Dakota, and elsewhere,

MICHAEL ANTHONY ENNO;
TASHENA ANN WHITE TAIL, a/k/a TASHENA ANN ENNO;
JAMES PATRICK WILSON, JR., a/k/a "PEDY;" and
DWIGHT DAWAUNTA GRIMES

individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

                                    A TRUE BILL:

                                    /s/ Grand Jury Foreperson
                                    Foreperson

/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

RLV/am