IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cr-129-01 |
| | ) | |
| v. | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Michael Anthony Enno, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Michael Anthony Enno, by and through his attorney, Jackson J. Lofgren,

submits this Memorandum to address issues pertinent to sentencing.

**1) Total Offense Level**

The Presentence Investigation Report (PSIR) calculated a Total Offense Level of 27. In

the Plea Agreement the parties contemplated application of the safety valve under U.S.S.G.

§2D1.1(b)(17) as the Delivery of Marijuana offense Mr. Enno was charged with in Burleigh

County District Court in 2008 resulted in a deferred imposition of sentence. Ultimately, his plea

was withdrawn, the case dismissed, and the file sealed. Without this conviction Mr. Enno would

be safety valve eligible resulting in a Total Offense Level of 25. However, U.S.S.G. §4A1.2(f)

suggests the conviction should be applied and therefore the Total Offense Level of 27 appears

accurate.

**2) Criminal History Category**

As indicated, the PSIR assigned Mr. Enno 1 criminal history point for the charge of

Delivery of Marijuana in Burleigh County District Court in 2008. The PSIR also assigned Mr.

Enno 1 criminal history point for a Driving Under the Influence conviction in Bismarck

Municipal Court in 2008. With 2 criminal history points the PSIR placed Mr. Enno into Criminal

History Category II.

Criminal History Category II substantially over-represents the seriousness of Mr. Enno's criminal history or likelihood he will commit other crimes. Under U.S.S.G. §4A1.3(b)(1) "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or likelihood that the defendant will commit other crimes, a downward departure may be warranted." "In such a case, 'the court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category . . . and therefore consider a downward departure from the guidelines.'" United States v. Swan, 327 F. Supp. 2d 1068, 1074, (D. Neb. 2004) (internal citations omitted). "In departing downward, the court can consider the historical facts of a defendant's criminal career, including his age when he committed the offenses, the proximity in time of the convictions, and 'the state's assessment of the seriousness of [defendants] crimes as reflected by the state courts' handling of sentencing.'" Id. (quoting United States v. Senior, 935 F.2d 149 (8th Cir. 1991). "In departing, the court should apply the guideline range that would have applied absent the overstatement of his criminal history." Id.

Mr. Enno is currently 31 years old. Both offenses resulting in criminal history points occurred shortly after his 21st birthday. His 2008 Burleigh County Delivery of Marijuana charge resulted in a deferred imposition of sentence. Under North Dakota law his plea was eventually withdrawn, the case dismissed and the file sealed. His 2008 City of Bismarck Driving Under the Influence conviction resulted in a suspended sentence with minor fines and fees. Both offenses occurred over a decade ago and are nearly excluded from his criminal history under U.S.S.G. §4A1.2(e)(2) based on their age.

Placing Ms. Enno into Criminal History Category II therefore substantially over-represents the seriousness of his criminal history or likelihood he will commit other crimes. A

downward departure should be granted under U.S.S.G. §4A1.3(b)(1) placing Mr. Enno into Criminal History Category I. This more accurately reflects his criminal history.

### 3) Guidelines Calculation

An offense level of 27 with a Criminal History Category of I results in a recommended sentence of 70-87 months under the United States Sentencing Guidelines before any additional downward departures or variances are considered.

### 4) Variance

The Sentencing Guidelines are no longer mandatory following United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). "Booker provides district courts the flexibility to tailor individual sentences for each defendant against the framework of the congressionally-approved Guidelines scheme." United States v. Spears, 469 F.3d 1166, 1176 (8th Cir. 2006)(citing Booker, 543 U.S. at 264-65). "[T]he Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586 (2007). A sentence outside the Guidelines does not require extraordinary circumstances or the use of a rigid mathematical formula. Id at 552 U.S. 47. "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should… consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party." Id at 552 U.S. 49-50. "In so doing, he may not presume that the Guidelines range is reasonable." Id. "Under 18 U.S.C. §3553(a), a sentencing court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice,

deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773  (8th Cir. 2006).

Mr. Enno has been law abiding for most of his adult life. From 2012 until 2015 he worked for the New Town Public School as a night custodian and eventually head custodian. He was described as a "…good worker, he took pride in his workmanship, he trained new custodians, and he had a good attitude about his job." Things were going well for Mr. Enno until he became addicted to prescription medication. Once he was hooked his life fell apart. He quit his job at Four Bears Casino and began selling pills to support his addiction.

Mr. Enno initially struggled on pretrial release. Since April 2018, however, his progress has been phenomenal. He entered residential treatment at Heartview in Cando, North Dakota, on April 11, 2018. He successfully completed the program on May 14, 2018, and moved into the Hope Manor sober living house in Bismarck, North Dakota.

Mr. Enno has flourished at Hope Manor. He began aftercare at Heartview in Bismarck on May 14, 2018, and successfully completed the program on September 21, 2018. While at Hope Manor he has not had any violations and has not failed a single drug or alcohol test. He has completed 11 of the 12 steps in their recovery program.

Mr. Enno has been employed at Buffalo Wild Wings since May 23, 2018. He currently works 37-40 hours per week and makes $12.50 per hour. His managers and co-workers speak very highly of his work performance. He recently obtained his driver's license and is contemplating purchasing a vehicle.

Mr. Enno is well liked at Hope Manor. They recommend he stay there for another four to six months. Mr. Enno would like to continue at Hope Manor as long as possible. He has experienced amazing growth and insight while there. He is able to identify risky relationships

and recognizes returning to the New Town area is not conducive to his future goals. He would like to live a clean and productive life for himself and his family. Mr. Enno requests the Court structure a sentence that would allow him to continue at Hope Manor.

Dated November 22, 2018.

/s/ Jackson J. Lofgren
Jackson J. Lofgren (ND ID # 06310)
Attorney for Michael Anthony Enno
120 N. 3rd St., Suite 175
P.O. Box 2393
Bismarck, ND 58502
(701) 223-3874
lawfirm@suhrandlofgren.com